Ogonna Brown, Bar No. 7589
OBrown@lewisroca.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel:    702.949.8200
Fax:   702.949.8398

*Attorneys for Secured Creditors Jonacar Nevada Corp., La Canasta Furnishings, Inc., and Graciella Masso*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 24-10799-mkn |
| WILLIAM J. LEAVITT, JR., | Chapter 13 |
| Debtor. | **JOINDER TO TRUSTEE'S MOTION TO DISMISS (ECF NO. 25)** |
| | Date of Hearing: May 30, 2024<br>Time of Hearing: 2:00 p.m.<br>Dial-In:            (669) 254-5252<br>Meeting ID:    161 062 2560<br>Participant code:   029066# |
| | Judge: Hon. Mike K. Nakagawa |

Jonacar Nevada Corp. ("Jonacar"), La Canasta Furnishings, Inc. ("La Canasta"), and Graciella Masso ("Masso") (collectively, "Secured Creditors"), secured creditors in the above-referenced bankruptcy proceeding, by and through their counsel, Ogonna M. Brown, of the law firm of Lewis Roca Rothgerber Christie LLP, hereby file their Joinder to the Motion to Dismiss filed by the Chapter 13 Trustee, Kathleen Leavitt, filed on May 1, 2024, as Docket No. 25 (the "Motion") in connection with the Chapter 13 Bankruptcy Case of William J. Leavitt, Jr. (the "Debtor," or alternatively "Borrower").

This Joinder is based upon the following grounds and the following reasons: (1) dismissal is warranted under Section 1307(c) and (d), respectively, because the Debtor is delinquent in pre-petition payments to the Secured Creditors, and in some instances has failed to make a single pre-petition payments on the Loans: (i) for the Jonacar Loan encumbering the real property located at 1701 Griffith Avenue, the Debtor made the last payment on October 28, 2022; (ii) for the La Canasta Loan encumbering the real property located at 3072 and 3082 Sheridan Street and 3550 Sirius

124851859.1

Avenue, the Debtor's loan matured on December 1, 2023; and (iii) for the Masso Loan encumbering the real property located at 1967 N Moapa, the Debtor made the last payment in September 2022, which loan mature on June 1, 2024; (2) Debtor has continued in his delinquency in that Debtor has failed to make a single post-petition payment to any of the Secured Creditors since inception of this Bankruptcy Case filed on February 22, 2024, for nearly three months; (3) Debtor has failed to timely file a Chapter 13 Plan; (4) Debtor is delinquent in paying his real property taxes for any of the Secured Creditors' properties, and Debtor has failed to make any post-petition real property tax payments; (5) Debtor has failed to provide any proof of insurance on the respective real properties that serve as collateral for the Secured Creditors, and there is no proof of insurance naming each of the Secured Creditors as the loss payee or beneficiary; (6) Debtor has failed to make a single payment under the Chapter 13 Plan; (7) Debtor is not eligible for a Chapter 13 filing because he has no regular income; (8) Debtor will be unable to make adequate monthly payments to any of the Secured Creditors while paying the rest of the creditors under the Plan because Debtor has no regular income; and (9) the real properties that serve as collateral for the Secured Creditors' claim are not an asset of the bankruptcy estate under 11 U.S.C. § 541, and therefore this Court lacks jurisdiction over any properties held in the name of the Trust in connection with the Masso Loan (1967 N Moapa) and the Jonacar Loan (1701 Griffith Avenue).

This Joinder is supported by the Declaration of Ogonna M. Brown, Esq. ("Brown Decl."), one of the attorneys for Secured Creditors, filed separately and concurrently herewith pursuant to Rule 9014(c) of the Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada. This Joinder is also supported by the following Memorandum of Points and Authorities, the pleadings, and papers on file herein, and any argument this Court may entertain regarding the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2), 11 U.S.C. § 1112, 11 U.S.C. § 362, and LR 1001(b)(1). Venue in the District of Nevada is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to LR 9014.2(b), Lender consents

to the entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## II.  STATEMENT OF RELEVANT FACTS

**LOAN FOR $160,000**

1. On February 24, 2020, William Job Leavitt Jr., Trustee of the Mary E. Leavitt Family Trust dated March 1, 1990 (the "Trust" or "Borrower") executed a Promissory Note ("Note") in the amount of $160,000 in favor of Jonacar Nevada Corp. *See* Note, Ex. C, POC #3.

2. The term of the loan was twelve (12) months, with the first payment due April 01, 2020, and a balloon payment due March 01, 2021. *See* Note, Ex. C, POC #3.

3. Pursuant to Section 1 of the Note, interest accrues at a rate of 12% per annum. Pursuant to Section 8 of the Note, default interest accrues at a rate of 19.990% from the date of such default until there are no uncured Events of Default existing. *See* Note, Ex. C, POC #3.

4. Pursuant to Section 12 of the Note, Lender is entitled to attorneys' fees and costs.

5. The Note is secured by a Deed of Trust and Assignment of Rents dated February 26, 2020 ("Deed of Trust") in favor of Jonacar Nevada Corp., ("Beneficiary"), secured by real property commonly known as 1701 Griffith Ave., Las Vegas, NV, 89104, APN 162-02-614-035 ("Property"). *See* Deed of Trust, Ex. B, POC #3.

6. The Trust failed to timely pay Jonacar Nevada Corp. the monthly installments in the amount of $1,600.00 starting March 1, 2023, and all subsequent installments due thereafter. *See* POC # 3.

**LOAN FOR $330,000**

7. On September 13, 2017, William Job Leavitt Jr. ("Borrower") executed a Promissory Note ("Note") in the amount of $330,000 in favor of La Canasta Furnishings Inc. *See* Note, Ex. C, POC #4.

8. The first payment was due November 11, 2017, and a ballon payment due October 01, 2020. *See* Note, Ex. C, POC #4.

. . .

9. Pursuant to Section 1 of the Note, interest accrues at a rate of 12% per annum. Pursuant to Section 8 of the Note, default interest accrues at a rate of 19.990% from the date of such default until there are no uncured Events of Default existing. *See* Note, Ex. C, POC #4.

10. Pursuant to Section 12 of the Note, Lender is entitled to attorneys' fees and costs. *See* Note, Ex. C, POC #4.

11. The Note is secured by a Deed of Trust and Assignment of Rents dated September 13, 2017 ("Deed of Trust") in favor of La Canasta Furnishings Inc., ("Beneficiary"), secured by real property commonly known as 3071 Sheridan Street, Las Vegas, NV 89102; 3082 Sheridan Street, Las Vegas, NV 89102 and 3550 Sirius Ave., Las Vegas, NV 89102, APN 162-08-303-023, 162-08-303-024,162-08-303-025; 162-08-303-026 (the "Properties"). *See* Deed of Trust, Ex. B, POC #4.

**THE TRUST DEFAULTS UNDER LOAN**

12. Debtor failed to timely pay La Canasta Furnishings the monthly installments in the starting January 1, 2023, and all subsequent installments due thereafter. *See* POC # 4.

13. During the 341 Meeting of Creditors, Debtor testified that the real property at 3072 and 3082 Sheridan Street and 3550 Sirius Avenue has one (1) tenant, an auto body shop, Heritage Body, and that the tenant makes monthly payments in the amount of $2,250. *See* Brown Decl.

**LOAN FOR $300,000**

14. On December 23, 2019, William Job Leavitt Jr. Trsutee of the Mary E. Leavitt Family Trust dated March 1, 1990 ("Trust") obtained a loan from Graciella Masso for the principal sum of Three Hundred Thousand Dollars and No Cents ($300,000). *See* POC #2.

15. On December 23, 2019 the Trust executed a Promissory Note ("Note") in the amount of $300,000 in favor of Graciela Masso. *See* Note, POC #2.

16. Pursuant to Section 1 of the Note, interest accrues at a rate of 12% per annum. Pursuant to Section 8 of the Note, default interest accrues at a rate of 17% from the date of such default until there are no uncured Events of Default. *See* Note, POC #2.

17. Pursuant to Section 14 of the Note, Lender is entitled to attorneys' fees and costs. *See* Note, POC #2.

1    18.    The Note is secured by a Deed of Trust and Assignment of Rents dated December 24, 2019 ("Deed of Trust") in favor of Ticor Title of Nevada for the benefit of Graciela Masso ("Beneficiary"), secured by real property commonly known as 1967 N. Moapa Valley Blvd., Logandale, NV, 85021, APN 070-02-201-008 ("Property"). *See* Deed of Trust, Ex. B to POC #2.

19.    Debtor testified at the 341 Meeting of Creditors that last payment made to Masso under the Note was one (1) year ago. *See* Brown Decl.

20.    In connection with the real property located at 1967 N. Moapa, the Debtor testified at the 341 Meeting of Creditors that Theresa Freeman lives at the 1967 N. Moapa Property for free. *See* Brown Decl.

21.    In connection with the real property located at 1981 Moapa, the Debtor testified at the 341 Meeting of Creditors that Matt Harvey, the Debtor testified at the 341 Meeting of Creditors that the former husband of Debtor's deceased daughter, lives at the 1981 Moapa Property rent free. *See* Brown Decl.

22.    Debtor testified at the 341 Meeting of Creditors that he used all of the loan proceeds from the Secured Creditors for his personal use to conduct medical research on treating the human body to eliminate pathogens. *See* Brown Decl.

23.    **DEBTOR FILES BANKRUPTCY**

24.    On February 22, 2024 ("Petition Date"), Debtor, William J. Leavitt, Jr. filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court, District of Nevada, pending as Case No. 24-10799-mkn (ECF No. 1).

25.    As a result of the Bankruptcy, the foreclosure sale has been stayed.

26.    Debtor filed his Schedules and Statements required under FRBP 1007(b) and (c) on March 07, 2024 (ECF No. 15).

27.    Debtor's 341 Meeting of Creditors was originally scheduled was continued to April 23, 2024. *See* Brown Decl.

28.    Debtor appeared at the 341 Meeting of Creditors on April 23, 2024. *See* Brown Decl.

. . .

29. The Note in the amount of $160,000 in favor of Jonacar Nevada Corp was executed by William Job Leavitt Jr., Trustee of the Mary E. Leavitt Family Trust dated March 1, 1990, and not the Debtor. *See* Note, Ex. C, POC #3.

30. The Note is secured by a Deed of in favor of Jonacar Nevada Corp., secured by real property commonly known as 1701 Griffith Ave., Las Vegas, NV, 89104, APN 162-02-614-035 ("Property"). *See* Deed of Trust, Ex. B, POC #3.

31. The Property is not property of the bankruptcy estate and therefore not subject to the stay because the Trust and not Debtor executed the Promissory Note. *See* Note, Ex. C, POC #3.

**SECURED CREDITORS' CLAIMS AS OF PETITION DATE**

32. As of February 22, 2024, the outstanding indebtedness due and owing from the Borrowers to Masso totaled $393,582.38. *See* POC #2.

33. As of February 22, 2024, the outstanding indebtedness due and owing from the Borrowers to Jonacar totaled $219,229.29. *See* POC # 3.

34. As of February 22, 2024, the outstanding indebtedness due and owing from the Borrowers to La Canasta totaled $715,337.29. *See* POC # 4.

35. During the 341 Meeting of Creditors, Debtor admitted that he was not current on property taxes and insurance for the Property, has made no payments on the mortgage for all of the Secured Creditors, and does not know when insurance on the Property expired. *See* Brown Decl.

36. As of the date of this Joinder, Debtor has not filed a Motion to Extend Time to File Plan. *See* Docket.

### III.   LEGAL ARGUMENT

**A.   Cause Exists to Dismiss the Bankruptcy Case**

Secured Creditors join in the Trustee's Motion to Dismiss (ECF No. 25), and request dismissal of the Bankruptcy Case for cause, as dismissal is in the best interests of creditors. 11 U.S.C. §1307 of the Bankruptcy Code governs dismissal of a case under Chapter 13 and provides in relevant part as follows:

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or

(11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

(d) Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title.

*See* 11 U.S.C. § 1307(c) (emphasis added).

In the present case, Debtor has failed to make a single pre-petition payment to Secured Creditor on the Loan for over one (1) year since August 2022. Debtor has continued in its

124851859.1                                                                 - 7 -

delinquency in that Debtor has failed to make a single post-petition payment to service any of its loan debt to any of the Secured Creditors, Jonacar, La Canasta and Masso. Each of the Lenders have suffered unreasonable delay caused by Debtor's failure to pay anything pre-petition for months and when the Lenders attempted to exercise their respective rights and foreclose on the respective Properties, Debtor filed for bankruptcy before the scheduled foreclosure sale to thwart the sale and continue in its delinquency post-petition. Debtor's delay in making any payments to Lenders pre-petition and now post-petition is unreasonable given the duration and is prejudicial to each of the Lenders. Dismissal is therefore warranted under Section 1307(c)(1). As of the date of this filing, Debtor has not made a payment to the Chapter 13 Trustee.

Debtor has failed to pay the real property taxes on the Properties, which with penalties and interest have accrued. Debtor has also failed to maintain insurance on the Property, or to name the Lenders as loss payee beneficiaries under any insurance policies.  *See* Brown Decl. If the Clark County Treasurer's Office sells the Properties to satisfy the real property tax delinquency, each of the Lenders' respective Deeds of Trust will be wiped out. Debtor has not evidenced an intent to make any post-petition payments to the Chapter 13 Trustee since filing for Bankruptcy on February 22, 2024 (ECF Nol 1), and in the last three (3) months while in Bankruptcy, Debtor has failed to file a Plan. Debtor testified at the 341 Meeting of Creditors that he has no ordinary income and lists the only source of income in his Schedule J as Medicare (ECF No. 15).

Debtor collects rents from one tenant, an auto body shop, Heritage Body, and that the tenant makes monthly payments in the amount of $2,250.00, and Debtor agreed at the 341 Meeting of Creditors to remit the post-petition rents to La Canasta pursuant to the Deed of Trust and Assignment of Rents. *See* Brown Decl. To date, Debtor has not remitted any payments received from rents to La Canasta. *See* Brown Decl. Debtor testified at the 341 Meeting that he does not have the ability to make any payments to any of the Lenders. *See* Brown Decl.

In addition, Chapter 13 bankruptcy debt limits are exceeded in this case. the maximum amount of debt a filer can have and still qualify for Chapter 13 relief. For cases filed between April 1, 2022, and March 31, 2025, the limits are $1,395,875 of secured debt and $465,275 of unsecured debt. In Debtor's Petition, he estimated he owed between $1,000,001 and $10,000,000.

Debtor's Schedules (EFC No. 15) indicate his total liabilities are $2,484,844.00 with $1,675,000 of the debt liability being claims secured by property and $0.00 of the debt being unsecured and $809,844.00 of the debt being nonpriority unsecured claims. Accordingly, Debtor's debt exceeds the Chapter 13 debt limits.

Thus, cause exists to dismiss the Debtor's bankruptcy case under Section 1307(c)(3) arising from Debtor's failure to commence making timely payments under Section 1326 and for Debtor's failure to file a Plan timely.

## IV.  CONCLUSION

As set forth above, cause exists to dismiss the bankruptcy case under Section 1307(c) of the Bankruptcy Code. Debtor has no ordinary income, failed to commence making timely payments under Section 1326 and entirely failed to file a Plan. Debtor exceeds the Chapter 13 bankruptcy debt limits, as the maximum amount of debt a filer can have and still qualify for Chapter 13 relief for cases filed between April 1, 2022, and March 31, 2025, is $1,395,875 of secured debt and $465,275 of unsecured debt. In Debtor's Petition, he estimated he owed between $1,000,001 and $10,000,000. Debtor's Schedules (EFC No. 15) indicate his total liabilities are $2,484,844.00 with $1,675,000 of the debt liability being claims secured by property and $0.00 of the debt being unsecured and $809,844.00 of the debt being nonpriority unsecured claims. Accordingly, Debtor's debt exceeds the Chapter 13 debt limits.

DATED this 15th day of May, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Ogonna Brown*
Ogonna Brown, Bar No. 7589
OBrown@lewisroca.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel.: 702.949.8200
Fax: 702.949.8398

*Attorneys for Secured Creditors Jonacar Nevada Corp., La Canasta Furnishings, Inc., and Graciella Masso*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 15th day of May, 2024, I caused to be served a true and correct copy of **JOINDER TO TRUSTEE'S MOTION TO DISMISS (ECF NO. 25)** in the following manner:

☒ (ELECTRONIC SERVICE)  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL)  By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER)  By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE)  That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Annette Jaramillo*
An employee of Lewis Roca Rothgerber Christie LLP