Terri H. Didion, Assistant United States Trustee
State Bar #CA 133491
Jared A. Day, Trial Attorney
State Bar #CA 275687
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard South
Las Vegas, Nevada 89101
Telephone: (775) 784-5330
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the U.S. Trustee for Region 17
  TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No: 24-13197-mkn |
| WILLIAM J LEAVITT, JR. | Chapter 11 |
| Debtor. | Hearing Date: August 7, 2024<br>Hearing Time: 9:30 a.m. |

**UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS UNDER 11 U.S.C. § 363(b) AND RESERVATION OF RIGHTS**

  Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files this *Opposition* (the "Opposition") *to Debtor's Motion to Approve Sale Free and Clear of Liens Under 11 U.S.C. § 363(b)* (the "Sale Motion") *and Reservation of Rights*. *See* ECF No. 17. In support of her Opposition, the U.S. Trustee represents as follows:

### I.  INTRODUCTION

  1.  Debtor's Sale Motion should be denied for several reasons. First, the Sale Motion fails to disclose the identity of the proposed buyer and does not include copies of the "new" proposed purchase contract referenced in the pleading or the proposed form of sale order. No

section 363(m) good faith purchaser finding should be approved by the Court without this essential information.

2.  Second, foreclosure sales associated with Debtor's former real properties located at 1701 Griffith Ave., Las Vegas, NV 89104 (the "Griffith Ave. Real Property") and 1967 N. Moapa Valley Blvd., Logandale, NV 89021 were completed prepetition according to Debtor's own Sale Motion.  Consequently, any proposed sale of these real properties should be denied unless and until Debtor demonstrates that the bankruptcy estate has an interest in them.

3.  Third, Debtor has not provided information reasonably requested by the U.S. Trustee regarding the Initial Debtor Interview in this case, resulting in the continuation of Debtor's section 341(a) meeting of creditors to August 22, 2024.  The requested sale of one or more of Debtor's real properties should not be approved at least until the meeting is concluded.

4.  The U.S. Trustee reserves all rights with respect to Debtor's Sale Motion, which is scheduled for hearing on the above-captioned date and time, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any applicable Local Bankruptcy Rules.

5.  The U.S. Trustee's Opposition is supported by the following memorandum of points and authorities.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

6.  Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code.  To enable the U.S. Trustee to carry out that duty, Congress has granted the U.S. Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code.  11 U.S.C. § 307.  The U.S. Trustee consents to this Court entering final orders in this matter.

**A.    General Case Background**

7.    On June 26, 2024, Debtor William J Leavitt, Jr. ("Debtor") commenced the above-captioned case by filing a voluntary petition ("Petition") for relief under chapter 11 of the United States Bankruptcy Code.  *See* ECF No. 1.

8.    Debtor's proposed general bankruptcy counsel is Timothy P. Thomas of the Law Offices of Timothy P. Thomas, LLC.[1]  *See* ECF Docket *generally*.

9.    On June 27, 2024, Nathan F. Smith was appointed as the subchapter V trustee in this case.  *See* ECF No. 10.

10.    Unless otherwise ordered for "cause," the United States Trustee does not solicit for or appoint an Official Committee of Unsecured Creditors in subchapter V cases.  *See* 11 U.S.C. § 1102(a)(3).  The Court has not entered such an order to date.  *See* ECF Docket *generally.*

11.    The 11 U.S.C. § 341(a) meeting of creditors was conducted on August 1, 2024, and is presently continued to August 22, 2024.  *See* ECF Docket *generally.*

12.    On June 26, 2024, Debtor filed his bankruptcy schedules and statements with exception to the required Official Form 122B, Statement of Current Monthly Income.  *See* ECF Nos. 1, 7, *and* 8.

**B.    Authorities and Discussion**

13.    Debtor seeks Court approval to sell the seven parcels of real property reflected on his Schedule A/B (*see* ECF No. 1) and one real property that is not even scheduled as an asset of

---

[1] Although the employment application associated with Debtor's proposed general bankruptcy counsel was filed on July 9, 2024, it does not appear to be scheduled for hearing yet.  *See* ECF No. 16; *see also* ECF Docket *generally.*

Debtor's chapter 11 estate (*i.e.*, the Griffith Avenue Real Property). *See* ECF No. 1; *see also* ECF No. 17, Motion, *generally*.

14. Under 11 U.S.C. § 363(b), a debtor in possession may sell property of the estate outside the ordinary course of business subject to the debtor's business judgment. *See Matter of Bouchard Transportation Co., Inc.*, 74 F.4th 743, 755 (5th Cir. 2023). Non-ordinary course asset sales may be by private sale or public auction under Fed. R. Bankr. P. 6004(f).

15. Local Bankruptcy Rule 6004(b) requires all sale motions to include, *inter alia*, a copy of the proposed purchase agreement (or a form of such agreement substantially similar to the one the moving party reasonably believes will be executed in connection with the proposed sale) and a copy of the proposed form of sale order. If these items are not provided, the movant must provide a declaration explaining why such information has not been furnished. *Id.*

16. Here, Debtor's Sale Motion fails to disclose the identity of the proposed buyer and does not include a copy of the "new" proposed purchase contract referenced in the pleading or a copy of the proposed order. *See* ECF No. 17, Motion, *generally*. The U.S. Trustee is unable to locate a declaration on the Court's ECF docket explaining why this information and documentation has not been supplied. *See* ECF Docket *generally*. No section 363(m) good faith purchaser finding should be approved by the Court without this fundamental information.

17. According to Debtor's own Sale Motion, foreclosure sales associated with Debtor's former Griffith Ave. Real Property and the scheduled 1967 N. Moapa Valley Blvd. real property were completed prepetition. *See* ECF No. 17, Motion, *generally*. Therefore, unless and until Debtor demonstrates that the bankruptcy estate has an interest in these real properties, their proposed sale should be denied.

18. Finally, Debtor's section 341(a) meeting of creditors has been continued to August 22, 2024, due in part to his failure to provide information reasonably requested by the U.S. Trustee regarding the Initial Debtor Interview in this case. Consequently, the requested sale of one or more of Debtor's real properties should not be approved at least until the meeting is concluded.

19. The U.S. Trustee expressly reserves all rights regarding the Sale Motion, including but not limited to, any subsequent amendments.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that the Court sustain her Opposition, deny Debtor's Sale Motion, and grant such other relief as the Court deems warranted under the circumstances.

Dated: August 5, 2024

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

/s/ *Jared A. Day*
Jared A. Day
Trial Attorney for United States Trustee

# CERTIFICATE OF SERVICE

I, MONETTE SEMANA, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on August 5, 2024, I caused a copy of the foregoing

**UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS UNDER 11 U.S.C. § 363(b) AND RESERVATION OF RIGHTS**

to be served on the following parties:

☑    a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- OGONNA M. BROWN    obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com
- REGINA A. HABERMAS    rh@tblaw.com, nvbk@tblaw.com
- NATHAN F. SMITH    nathan@mclaw.org, C201@ecfcbis.com
- TIMOTHY P. THOMAS    tthomas@tthomaslaw.com, kimberly@tthomaslaw.com;frontdesk@tthomaslaw.com;thomastr80388@notify.bestcase.com
- U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov
- ACE C VAN PATTEN    avanpatten@alaw.net, bknv@alaw.net;anhsalaw@infoex.com

I declare under penalty of perjury that the foregoing is true and correct.

Signed: August 5, 2024

/s/ *Monette Semana*
Monette Semana